| | |
|---|---|
| 1 | James J. Pisanelli, Esq., Bar No. 4027 |
| | JJP@pisanellibice.com |
| 2 | Debra L. Spinelli, Esq., Bar No. 9695 |
| | DLS@pisanellibice.com |
| 3 | M. Magali Mercera, Esq., Bar No. 11742 |
| | MMM@pisanellibice.com |
| 4 | PISANELLI BICE PLLC |
| | 400 South 7th Street, Suite 300 |
| 5 | Las Vegas, Nevada 89101 |
| | Telephone: 702.214.2100 |
| 6 | Facsimile: 702.214.2101 |
| 7 | Shea R. Haass, Esq. *(Pro Hac Vice Admitted)* |
| | shea.haass@nortonrosefulbright.com |
| 8 | Robert L. Greeson, Esq. *(Pro Hac Vice Admitted)* |
| | robert.greeson@nortonrosefulbright.com |
| 9 | Philip A. Tarpley, Esq. *(Pro Hac Vice Admitted)* |
| | philip.tarpley@nortonrosefulbright.com |
| 10 | NORTON ROSE FULBRIGHT US LLP |
| | 2200 Ross Avenue, Suite 3600 |
| 11 | Dallas, Texas 75201-7932 |
| | Telephone: (214) 855-8000 |
| 12 | Facsimile: (214) 855-8200 |

Attorneys for Plaintiffs ARB Labs Inc.
and ARB Labs USA Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| ARB LABS INC.; ARB LABS USA INC., | **CASE NO.: 2:19-cv-00116** |
| Plaintiffs, | |
| v. | **STIPULATION AND ORDER EXTENDING TRO** |
| JUSTIN WOODARD, | |
| Defendant. | **[ECF Nos. 2, 7, 24]** |

Based on agreement of the parties, as indicated by their signatures below, the Court HEREBY ORDERS as follows:

**I.     ORDER REGARDING LAPTOP AT ISSUE IN THIS MATTER:**

1. Defendant Justin Woodard ("Woodard") must turn over the Microsoft Surface Pro laptop computer that was reimbursed by ARB Labs USA Inc. (the "Laptop") to a third-party digital forensic examination service (the "Service") designated by ARB Labs USA Inc. and ARB Labs Inc. (collectively, "ARB Labs") no later than 5:00 p.m. on Thursday, February 7, 2019.

1

2. Once the Laptop has been turned over to the Service, the Service shall image the entire hard drive of the Laptop (the "Image"). The Laptop and the Image shall remain in possession of the Service.

3. The Service shall create from the Image a complete inventory listing by file name of all of the files that reside on the Laptop (the "Inventory") and simultaneously provide the Inventory to Woodard and ARB Labs (collectively, the "Parties"). Woodard shall have the opportunity to review the Inventory and designate any files that contain information solely of a personal nature as "Personal." All files designated as "Personal" by Woodard shall be reviewed by the Service to verify that they are in fact of a personal nature (*e.g.*, relating to personal financial information, information relating to Woodard's divorce, personal bank account information, family pictures, and other information of a strictly personal nature as identified by Woodard and verified as being personal by the Service).

4. ARB Labs shall have full access to, and possession of, all files except those files designated "Personal" by Woodard that are verified by the Service as in fact of a personal nature. Except those files designated "Personal" by Woodard that are verified by the Service as in fact of a personal nature, ARB Labs may search using any search terms and conduct a full digital forensic examination and review of all files.

5. The Parties shall act reasonably and agree on a list of keyword search terms (the "Search Terms"). ARB Labs may have the Service run the Search Terms on all files on the Image, regardless of whether the files are designated as "Personal" by Woodard. ARB Labs may conduct a full digital forensic examination and review of all files that are returned by the Search Terms, regardless of whether the files are designated as "Personal" by Woodard.

6. ARB Labs may have the Service conduct a full digital forensic analysis of the Laptop and shall be entitled to receive reports from the Service regarding all activity on the Laptop, including without limitation, copying, destruction, deletion, receipt, and transmission of all files except those files designated "Personal" by Woodard that are verified by the Service as in fact of a personal nature.

7. The Service shall preserve and not delete or destroy any documents or communications related to the work performed by the Service pursuant to this order.

## II. ORDER REGARDING EXTENSION OF TEMPORARY RESTRAINING ORDER

1. The Parties agree that the temporary restraining order entered by the Court on January 25, 2019 [ECF No. 7] (the "TRO") shall be extended until **March 11, 2019 at 5:00 p.m.**, at which time the TRO shall expire pending any further extension by the Court or agreement of the Parties.

2. The Parties further agree and the Court further orders that, for the time that the TRO remains in effect, Justin Woodard, his agents and all persons in active concert or participation with him who receive actual notice of this order, whether acting directly or indirectly, are temporarily RESTRAINED from destroying copying, acquiring, disclosing, or using the Laptop and all of the data and information that resides on the Laptop.

## III. ORDER REGARDING NON-COMPETITION

1. The Parties agree and the Court further orders that, for the time that the TRO remains in effect, Justin Woodard, is temporarily RESTRAINED from, directly or indirectly (whether as a principal, agent, partner, employee, officer, investor, owner, consultant, board member, security holder, creditor or otherwise), engaging in any Competitive Activity, or having any direct or indirect interest in any Person that directly or indirectly (whether as a principal, agent, partner, employee, officer, investor, owner, consultant, board member, security holder, creditor, or otherwise) engages in a Competitive Activity; provided that the foregoing shall not apply to the acquisition by Woodard, solely as an investment, of securities of any issuer that is registered under Section 12(b) or 12(g) of the Securities Exchange Act of 1934, and that are listed or admitted for trading on any United States national securities exchange or that are quoted on the Nasdaq Stock Market, or any similar system or automated dissemination of quotations of securities prices in common use, so long as Woodard does not control, acquire a controlling interest in or become a member of a group which exercises direct or indirect control of, more than three percent (3%) of any class of capital stock of such corporation.

2. As used in the foregoing paragraph, the term "Competitive Activity" shall mean any business that competes with the business of ARB Labs as conducted or as proposed to be conducted at the relevant time; provided that the parties hereto acknowledge and agree that, for the purposes of determining the business of ARB Labs during the Restricted Period, such business is comprised solely of the development and commercial exploitation of bet recognition and gesture-based monitoring and analytics systems utilizing unique software technology, including casino asset management analytic and monitoring systems (which is the business as of the Effective Date). As used in the foregoing paragraph, the term "Person" shall mean any firm, company, corporation, partnership, association, venture, business, person or entity.

3. As used in the foregoing paragraph, the term "Effective Date" shall mean September 27, 2016. As used in the foregoing paragraph, the term "Restricted Period" shall mean September 28, 2018 and for twelve months thereafter.

## IV. ORDER REGARDING SERVICE OF PROCESS

1. The Court hereby finds that Justin Woodard was personally served through the authorized acceptance of service of process by his attorney on Wednesday, February 6, 2019.

## V. ORDER SETTING PRELIMINARY INJUNCTION HEARING

1. The Parties agree and the Court orders that ARB Labs' motion for preliminary injunction [ECF No. 2] will be heard at 3:00 p.m. on March 11, 2019, in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101.

2. Justin Woodard has until 5:00 p.m. on Monday, February 22, 2019 to respond to ARB Labs' motion for preliminary injunction.

3. ARB Labs shall have until March 1, 2019 to file any reply.

## VI. ORDER DENYING EMERGENCY MOTION [ECF NO. 19]

1. The Court hereby denies as moot the relief requested in ARB Labs' Emergency Motion For (1) a Finding of Sufficient Service and Adequate Notice, (2) Extension of Service and TRO Expiration Deadlines in Order, (3) Authorization For Alternative Means of Service, and (4) Reconsideration of Request for Civil Seizure [ECF No. 19]

4

U.S. District Judge Jennifer A. Dorsey
Signed 3/7/19, nunc pro tunc to 2/6/19

PISANELLI BICE
400 SOUTH 7TH STREET, SUITE 300
LAS VEGAS, NEVADA 89101